IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBERT I. HICKS, )<br>)<br>      Plaintiff, )<br>  v. )<br>)<br>PAUL G. CLARK, PATTY POWELL, )<br>KAREN VENEZKY, JOSEPH REDA, )<br>GEORGE SMILEY, BILL BELL, and )<br>TIMOTHY SHELDON, all individually and in )<br>their official capacities as members of the NEW )<br>CASTLE COUNTY COUNCIL, and NEW )<br>CASTLE COUNTY, a Municipal Corporation, )<br>)<br>      Defendants. ) | C.A. No. 05-445-GMS<br><br>TRIAL BY JURY DEMANDED |

## **ANSWER**

1. The first sentence is admitted. The balance of this averment is denied.

2. Admitted that this Court has jurisdiction over the federal causes of action. Otherwise denied.

3. The first sentence is admitted. Defendants do not have sufficient information to admit or deny the balance of this averment.

4. Denied that Defendant Clark was President of the New Castle County Council at all times relevant to the allegations in the Complaint. Otherwise admitted.

5. Denied.

6. Denied.

7. Denied.

8. Admitted.

      9.      Admitted that Defendant Powell was supported by Gordon and Freebery during her election campaign. Otherwise denied.

      10.      Denied.

      11.      Admitted.

      12.      Admitted that Defendant Venezky was a friend of Gordon and Freebery during the stated times. For a further answer, Defendant Venezky states that Gordon and Freebery were kind and thoughtful to her while her late husband was afflicted with cancer. Otherwise denied.

      13.      Denied.

      14.      Denied.

      15.      The first sentence is denied. The balance of this averment is admitted.

      16.      The first sentence is admitted. The second sentence is denied.

      17.      Denied.

      18.      The first sentence is denied. The balance of this averment is admitted.

      19.      Denied.

      20.      The first sentence is denied. The balance of this averment is admitted.

      21.      Denied.

      22.      The first sentence is denied. The balance of this averment is admitted.

      23.      Denied.

      24.      Denied. Defendant New Castle County is a political subdivision of the State of Delaware.

      25.      Defendants do not have sufficient information to admit or deny this averment.

26. Admitted that Plaintiff has represented his experience to be as stated. Defendants do not have sufficient information to otherwise admit or deny this averment.

27. Defendants do not have sufficient information to admit or deny this averment.

28. Defendants do not have sufficient information to admit or deny this averment.

29. Admitted that Plaintiff began employment on November 6, 2002. Otherwise denied.

30. Denied.

31. The statute speaks for itself.

32. The statute speaks for itself.

33. The statute speaks for itself.

34. The statute speaks for itself.

35. The statute speaks for itself.

36. Denied.

37. Denied.

38. Denied.

39. Admitted that the individual Defendants were aware of some of Plaintiff's statements. Otherwise denied.

40. Denied.

41. Defendants do not have sufficient information to admit or deny this averment.

42. Defendants do not have sufficient information to admit or deny this averment.

43. Defendants do not have sufficient information to admit or deny this averment.

44. Admitted.

45. Denied.

46. Denied that the agenda was posted in an abnormal way or in a legally impermissible manner.

47. Admitted that the subject of the meeting was as stated. Otherwise denied.

48. Admitted.

49. Admitted that Mr. Flaherty protested. His recorded comments speak for themselves.

50. Denied.

51. Denied.

52. Denied that Plaintiff was unceremoniously fired. Admitted that Plaintiff's employment was terminated and that the vote was as stated.

53. Denied in its entirety.

54. Admitted.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Defendants do not have sufficient information to admit or deny this averment.

60. Defendants do not have sufficient information to admit or deny this averment.

61. Admitted that the statement was made. Denied that it was correct.

62. Denied.

63. Admitted that Defendant Clark sponsored Resolution 05-046. Otherwise denied.

64. Denied.

65. Admitted.

66. Denied.

67. Denied.

68. Admitted that County Council has its own budget which exceeds 2.7 million dollars. Otherwise denied.

69. Denied.

70. Denied in its entirety.

71. Denied in its entirety.

72. Denied.

73. Denied.

74. No answer necessary to this expression of opinion.

75. Denied.

76. Denied.

77. Defendants do not have sufficient information to admit or deny this averment.

78. Denied.

79. Defendants do not have sufficient information to admit or deny this averment.

80. Admitted that Plaintiff was paid approximately $86,900.00 per year and that he was supposed to work a 35 hour week. Defendants do not have sufficient information to admit or deny the balance of this averment.

81. Defendants do not have sufficient information to admit or deny this averment.

82. Defendants do not have sufficient information to admit or deny this averment.

83. Defendants do not have sufficient information to admit or deny this averment.

84. Denied.

85. Defendants do not have sufficient information to admit or deny the first sentence. The second sentence is denied.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

90. Denied.

91. Denied.

92. Denied.

93. Denied.

94. Denied.

95. Denied.

96. Denied.

97. Denied.

98. Denied.

99. Denied that any actions taken by Defendants were unlawful or improper. Defendants do not have sufficient information to admit or deny the balance of this averment.

100. Denied.

101. Denied.

102. Denied.

103. Defendants repeat and reallege their answers to paragraphs 1 through 102 above.

104. Denied.

105. Denied.

106. Defendants repeat and reallege their answers to paragraphs 1 through 105 above.

107. Admitted.

108. Admitted.

109. Denied.

110. Defendants do not have sufficient information to admit or deny this averment.

111. Defendants do not have sufficient information to admit or deny this averment.

112. Defendants do not have sufficient information to admit or deny this averment.

113. Defendants do not have sufficient information to admit or deny this averment.

114. The statute speaks for itself.

115. Admitted that Plaintiff's replacement was a candidate for a state-wide elected office. Denied that he is a Democratic Party partisan.

116. Admitted that political affiliation or belief is not required in order to be the County Auditor. For a further answer, engaging in excessive partisan political activity is inappropriate for the County Auditor.

117. Defendants do not have sufficient information to admit or deny this averment.

118. Denied.

119. Denied in its entirety. For a further answer, the finding relating to unemployment compensation referred to in subparagraph k was merely that Plaintiff had not been guilty of such wilful misconduct as to deny him unemployment compensation benefits.

120. Denied.

121. Denied.

122. Denied.

123. No answer necessary to this expression of opinion.

124. Denied.

125. Denied.

126. Defendants repeat and reallege their answers to paragraphs 1 through 125 above.

127. Admitted that as a citizen, Plaintiff has the stated rights. Otherwise denied.

128. The statute speaks for itself.

129. Defendants do not have sufficient information to admit or deny this averment.

130. Denied.

131. Denied.

132. Denied.

133. Defendants repeat and reallege their answers to paragraphs 1 through 132 above.

134. Denied.

135. Defendants do not have sufficient information to admit or deny the first sentence. The second sentence is denied.

136. Denied.

137. Denied.

138. Defendants repeat and reallege their answers to paragraphs 1 through 137 above.

139. Admitted.

140. Denied.

141. Admitted that Plaintiff's employment was terminated.

142. Admitted.

143. Admitted.

144. Denied.

145. Denied.

146. Denied.

147. Defendants do not have sufficient information to admit or deny this averment.

148. The statute speaks for itself

149. Denied.

150. Denied.

151. Denied.

152. Defendants repeat and reallege their answers to paragraphs 1 through 151 above.

153. Denied.

154. Denied.

155. Admitted that Plaintiff made allegations to the entities specified. Denied that the actions were unlawful or improper.

156. Admitted.

157. Defendants do not have sufficient information to admit or deny this averment.

158. Denied.

159. Denied.

160. Denied.

## AFFIRMATIVE DEFENSES

1. The individual defendants are entitled to qualified immunity.

2. The individual defendants are entitled to absolute legislative immunity.

3. The individual defendants are entitled to immunity under the Noerr-Pennington doctrine with respect to some or all of the allegations.

4. Defendant New Castle County is not a person under the applicable law and is entitled to Eleventh Amendment immunity as a subdivision of the State of Delaware.

5. Plaintiff has failed to state a claim upon which relief can be granted.

6. At all relevant times Plaintiff was acting as a public employee and not as a private citizen. Therefore he is not entitled to invoke the First Amendment nor the Whistleblowers' Protection Act.

7. Notwithstanding Defendants' general denials and the other affirmative defenses stated herein, to the extent Plaintiff establishes that his race or any First Amendment–protected activity was a determinative factor in any employment decision challenged herein, Defendants would have taken the same action in the absence of such impermissible determinative factors.

8. To the extent Plaintiff has failed to mitigate his damages, he is barred from recovering from Defendants.

9. Plaintiff failed to exhaust his administrative remedies.

10. To the extent Defendants discover during the course of this action that Plaintiff engaged in any conduct which would have warranted his discharge, Plaintiff's right to recover damages beyond the date of such discovery will be cut off.

11. To the extent the claims are against the individual defendants in their official capacities, they are immune from suit under the Eleventh Amendment.

12. Punitive damages are not recoverable.

WHEREFORE, Defendants demand that the Complaint be dismissed, with attorneys' fees and costs assessed against Plaintiff.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Sheldon N. Sandler
Sheldon N. Sandler, Esquire (No. 245)
Teresa A. Cheek (No. 2657)
The Brandywine Building, 17th Floor
1000 West Street
P.O. Box 391, Wilmington, Delaware 19899-0391
Telephone: (302) 571-6673, 571-6676
Facsimile: (302) 576-3330, 576-3286
Email: ssandler@ycst.com, tcheek@ycst.com
Attorneys for Defendants

Dated: March 31, 2006

**CERTIFICATE OF SERVICE**

    I hereby certify that on **March 31, 2006**, I electronically filed a true and correct copy of the foregoing **Answer** with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

    Thomas S. Neuberger, Esquire
    Stephen J. Neuberger, Esquire
    The Neuberger Firm, P.A.
    Two East Seventh Street, Suite 302
    Wilmington, DE 19801


    YOUNG CONAWAY STARGATT & TAYLOR, LLP


    /s/ Sheldon N. Sandler
    ―――――――――――――――――――
    Sheldon N. Sandler, Esquire (No. 245)
    Teresa A. Cheek (No. 2657)
    The Brandywine Building, 17th Floor
    1000 West Street
    P.O. Box 391, Wilmington, Delaware 19899-0391
    Telephone: (302) 571-6673, 571-6676
    Facsimile: (302) 576-3330, 576-3286
    Email: ssandler@ycst.com, tcheek@ycst.com
    Attorneys for Defendants

Dated: March 31, 2006