IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBERT I. HICKS,                               )<br>                                                             )<br>    Plaintiff,                                      )<br>  v.                                                    )<br>                                                             )<br>PAUL G. CLARK, PATTY POWELL,    )<br>KAREN VENEZKY, JOSEPH REDA,   )<br>GEORGE SMILEY, BILL BELL and    )<br>TIMOTHY SHELDON, all individually and in )<br>their official capacities as members of the )<br>NEW CASTLE COUNTY COUNCIL, and )<br>NEW CASTLE COUNTY, a Municipal    )<br>Corporation,                                        )<br>                                                             )<br>    Defendants.                                    ) | Civil Action No. 05-445 (GMS) |

## ORDER

IT IS HEREBY ORDERED that, pursuant to Rule 16, Federal Rules of Civil Procedure, and Local Rule 16.2(b), the **telephonic** status and scheduling conference in this matter currently scheduled for Wednesday, July 5, 2006, at 9:30 a.m. with the Honorable Gregory M. Sleet has been **RESCHEDULED** to **Friday, July 28, 2006, at 10:00 a.m.**.  Counsel with primary responsibility for this case shall participate by phone and be prepared to address any pending motions.  Counsel for **plaintiff** is directed to arrange the call and contact chambers at (302) 573-6470.  In preparation for this teleconference, counsel are directed to confer with respect to all agenda items listed below. **On or before close of business on Friday, July 21, 2006, counsel shall file a JOINT STATUS REPORT addressing each agenda item.**

Matters which the court will take up at the conference will include the following:

1. **Jurisdiction and Service.**  Does the court have subject matter jurisdiction? Are all parties subject to the court's jurisdiction?  Do any remain to be served?

2. **Substance of the Action.**  What are the factual and legal bases for plaintiff's claims and defendants' defenses?

3. **Identification of Issues.**  What factual and legal issues are genuinely in dispute?

4. **Narrowing of Issues.** Can the issues in litigation be narrowed by agreement or by motions? Are there dispositive or partially dispositive issues appropriate for decision on motion?

5. **Relief.** What specific relief does plaintiff seek? What is the amount of damages sought and generally how is it computed?

6. **Amendment of Pleadings?**

7. **Joinder of Parties?**

8. **Discovery.** Discovery contemplated by each party and the amount of time it may take to complete discovery? Can discovery be limited? Are less costly and time-consuming methods available to obtain necessary information?

9. **Estimated trial length.** Is it feasible or desirable to bifurcate issues for trial? Is it possible to reduce the length of the trial by stipulations, use of summaries or statements, or other expedited means of presenting evidence?

10. **Jury trial?**

11. **Settlement.** Have there been settlement discussions? What are the prospects for settlement? Is referral to the Magistrate for mediation or other ADR mechanism appropriate?

12. Such other matters as counsel considers conducive to the just, speedy and inexpensive determination of this action.

13. A statement that counsel for the parties have conferred about each of the above matters.

No continuance of the conference will be granted except by order of the court upon application of counsel made seven (7) days before the date of the conference supported by a declaration stating the reasons for the request.

    /s/ Gregory M. Sleet
UNITED STATES DISTRICT JUDGE