IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBERT I. HICKS,<br>          Plaintiff,<br>v.<br><br>PAUL G. CLARK, PATTY POWELL,<br>KAREN VENEZKY, JOSEPH REDA,<br>GEORGE SMILEY, BILL BELL, and<br>TIMOTHY SHELDON, all individually and in<br>their official capacities as members of the NEW<br>CASTLE COUNTY COUNCIL, and NEW<br>CASTLE COUNTY, a Municipal Corporation,<br><br>         Defendants. | C.A. No. 05-445-GMS<br><br>TRIAL BY JURY DEMANDED |

## JOINT STATUS REPORT

In accordance with the Court's Notice of Scheduling Conference practice, the parties hereby submit this joint status report addressing the conference's agenda items.

 1. **Jurisdiction and Service**. The parties agree that the Court has subject matter and personal jurisdiction over all parties and no parties remain to be served.

 2. **Substance of the Action**. Plaintiff originally claimed he lost his job as County Auditor because of (1) public employee free speech retaliation since he reported wrongdoing, (2) political belief and association retaliation because he was a Republican activist, (3) race discrimination since he was replaced by a White and he is a Black who was doing an excellent job, and (4) state law whistleblower retaliation. Because of the recent Garcetti v. Ceballos decision by the Supreme Court, plaintiff is presently deciding whether to abandon his first theory.

Defendants contend that Plaintiff was dismissed due to his poor and disruptive performance, that there is no legal or factual basis for his constitutional and statutory claims, and that they are entitled to immunities of various kinds. They also assert various other affirmative defenses.

3. **Identification of Issues**. The factual and legal issues genuinely in dispute include the issues set forth in number 2 above.

4. **Narrowing of Issues**. The issues may be narrowed by dispositive motions and/or stipulation of the parties following discovery, or even earlier as to the first legal theory.

5. **Relief**. Plaintiff seeks compensatory damages for lost wages and overtime, back pay, pension and other benefits, for future or front pay, loss of earning capacity, emotional distress, humiliation, embarrassment, and injury to reputation. The amount of economic damages remain to be computed. Plaintiff also seeks punitive damages as well as attorney's fees, costs and pre- and post-judgment interest. Additionally, plaintiff seeks several forms of injunctive relief, including reinstatement.

6. **Amendment of the Pleadings**. The parties seek a deadline of August 18, 2006 for all motions to amend the pleadings. By then plaintiff will have decided whether to abandon his first legal theory of public employee free speech retaliation.

7. **Joinder of the Parties**. The parties seek a deadline of August 18, 2006 for all motions to join other parties, but do not expect at this time that any such motion is necessary.

8. **Discovery**. The parties have agreed to exchange initial disclosures by August 18, 2006. The parties seek a longer than usual discovery deadline due to, among other things, the fact that 13 elected officials are the primary fact witnesses, the likelihood that defendants will

seek to assert and establish immunity with the possible delay that might result, as well as the difficulties of scheduling in light of the schedules of the elected officials and counsel.

9. **Estimated Trial Length**. The parties believe that a seven (7) day trial is needed, including jury selection. There are seven named parties as defendants, and another six elected official fact witnesses, together with witnesses on the issue of plaintiff's known political affiliation as a Republican, if any defendant denies knowledge of this key fact. Then plaintiff and family members will testify on damages, as will a forensic economist and psychiatrist. The parties recognize that the Court can always cut back on the scheduled trial time following the close of discovery and submission of issues at summary judgment, both of which may narrow the issues.

10. **Jury Trial**. A jury trial has been demanded by plaintiff. (See D.I. 1 at 1).

11. **Settlement**. The parties have broached the issue of settlement. The parties believe that referral to Magistrate Judge Thynge to attempt settlement via mediation would be appropriate and helpful.

12. **Other Matters**. There are a number of matters to be brought to the Court's attention.

    Plaintiff's Statement.

        None.

    Defendants' Statement.

        None.

13. Counsel for the parties have conferred about each of the above matters.

| THE NEUBERGER FIRM | YOUNG CONAWAY STARGATT & TAYLOR, LLP |
|---|---|
| /s/    Thomas S. Neuberger | /s/    Sheldon N. Sandler |
| Thomas S. Neuberger, Esquire (# 243) | Sheldon N. Sandler, Esquire (# 245) |
| Stephen J. Neuberger, Esquire (#4440) | Margaret M. DiBianca, Esquire (No. 4539) |
| Two East Seventh Street, Suite 302 | The Brandywine Building |
| Wilmington, DE  19801 | 1000 West Street, 17th Floor |
| Telephone:  (302) 655-0582 | P.O. Box 391 |
| Facsimile:  (302) 655-9329 | Wilmington, Delaware  198999-0391 |
| TSN@NeubergerLaw.com | Telephone: (302) 571-6673, 571-5008 |
| SNJ@NeubergerLaw.com | Facsimile: (302) 576-3330; 571-3476 |
|  | ssandler@ycst.com |
| Attorneys for Plaintiff | mdibianca@ycst.com |
|  | Attorneys for Defendants |

DATED:       July 20, 2006